# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARSHA ANN FREDERICK,<br><br>    Plaintiff,<br><br> vs.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>    Defendant. | **4:19CV3081**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court upon Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Filing No. 24). The Commissioner does not object to Plaintiff's request for an award of attorney fees in the amount of $4,639.80.

  The EAJA provides for an award of attorney fees if: "(1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by that party in [the] civil action' in which it prevailed." *United States S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004)(quoting 28 U.S.C. § 2412(d)(1)(A)-(2)(B)). The fees awarded must be reasonable. A reasonable fee under 28 U.S.C. § 2412 does not exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(D)(2)(A)(ii). And, in a social security case, the Commissioner must have lacked substantial justification for his position. See *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005).

  Plaintiff moves this court to grant an award of attorney fees an hourly rate of $189.16 per hour for 21.2 hours of work performed in 2019, and a rate of $190.79 per hour for 3.3. hours of work performed in work in 2020, for a total of $4,639.80.[1] (Filing No. 24-2). The Court finds that Plaintiff was the prevailing party in this action, as the Commissioner's decision was reversed and the case was remanded to the Commissioner for further proceedings; that Plaintiff's net worth did not exceed $2,000,000 at the time the civil action was filed, (Filing No. 24-1); that the application

---

[1] The maximum hourly fee of $125 specified in 28 U.S.C. § 2412(d)(1)(D)(2)(A) was adjusted to adjusting for cost-of-living increase based on the Consumer Price Index data. (Filing No. 24).

for fees was filed in a timely fashion;[2] and that the position of the Commissioner was not substantially justified because the administrative law judge made findings that were not supported by substantial evidence. Therefore, Plaintiff is entitled to an award of attorney fees. The Court finds that the increase in cost of living justifies a fee higher than $125 an hour and that the hours and rates submitted by Plaintiff's counsel are reasonable in all respects. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. (Filing No. 24) is granted.
2. Pursuant to the Equal Access to Justice Act, attorney fees in the amount of $4,639.80, payable to Plaintiff and mailed to Plaintiff's attorney, are awarded to Plaintiff.
3. By separate document, the Court shall enter judgment for Plaintiff and against Defendant providing that Plaintiff is awarded attorney fees of $4,639.80.

Dated this 26th day of February, 2021.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

---

[2] An EAJA application based on a district court judgment remanding a case pursuant to sentence four of 42 U.S.C. § 405(g) must be filed no later than 30 days after the sentence four judgment has been entered and the appeal period has run such that the judgment is no longer appealable. See *Pottsmith v. Barnhart*, 306 F.3d 526, 527-28 (8th Cir. 2002).